IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARK MLSNA,

                Plaintiff,                ORDER

v.

                                          18-cv-37-wmc

UNION PACIFIC RAILROAD CO.,

                Defendant.

After remand, this court set jury selection and trial for June 28, 2021 and allowed discovery to continue until March 15, 2021. Before the court are two discovery motions: plaintiff's motion to quash defendant's subpoena to his health care provider for all of his medical records (dkt. 146), and defendant's motion to compel fuller disclosure of the communications between plaintiff's two experts (dkt. 157). For the reasons stated below, I am granting the first motion and denying the second in part and staying it in part.

**Dkt. 146: Defendant's Records Subpoena**

This ADA lawsuit revolves around plaintiff's hearing loss and how defendant treated him following the 2012 revision of the FRA to add a hearing acuity regulation. As the Seventh Circuit framed it, "[i]n dispute is whether Mlsna can perform the essential functions of the position of train conductor with or without reasonable accommodation." *Mlsna v. Union Pacific Railroad*, 975 F.3d 629, 633 (7th Cir. 2020).

Following remand, defendant asked plaintiff to sign a release for all of his medical records at his health care provider. Plaintiff challenged the scope, asking why anything beyond plaintiff's hearing was relevant; defendant responded that it was about to file a summary judgment motion based on statements by plaintiff's physician that plaintiff could not perform his job due to medical conditions other than his hearing impairment. Plaintiff responded that

he disagreed: nothing other than his hearing is relevant to this lawsuit. Defendant then prepared its subpoena to plaintiff's care provider seeking plaintiff's complete medical record. *See* email string, dkt. 147-1. Plaintiff filed a motion to quash this subpoena.

For years, this court's consistent position has been that it will not compel parties or witnesses in a lawsuit to disclose medical or psychological information that they wish to keep confidential. But such a decision has consequences. A party cannot put a medical issue into play and then prevent his opponent from reviewing records relevant to that issue. In such a situation, the party either has to forgo the claim or disclose the records.

In the instant case, the parties hotly dispute whether any medical issue other than plaintiff's hearing loss is relevant after remand. This dispute is tangentially presented by defendant's December 17, 2021 motion for summary judgment (dkt. 141), but there is no guarantee that Judge Conley will decide–or even indicate–whether plaintiffs' medical records require a forgo-or-disclose decision by plaintiff. If the court's summary judgment decision does not provide sufficient guidance, then defendant must promptly file a stand-alone motion in limine on this issue so that it can be resolved quickly. Obviously, the March 15 discovery cutoff does not apply to this issue.

In any event, the bottom line today is that the court is granting plaintiff's motion to quash defendant's subpoena for his medical records.

**Dkt. 157: Communications between Plaintiff's Experts**

Defendant seeks to compel plaintiff to disclose an unredacted email between plaintiff's two experts, along with all documents that they exchanged, including any shared draft reports. Both sides have submitted briefs that provide more heat than light, another demonstration of

the palpable rancor between the parties and attorneys in this lawsuit. Having read and considered the parties' briefs and their cited cases,[1] I will cut to the chase:

First, not later than March 18, 2021, plaintiff is to submit ex parte the unredacted email with the quote from counsel so that the court can determine in camera if plaintiff is entitled to withhold it.

Second, pursuant to Rule 26(b)(4)(B), plaintiff does not need to disclose the draft reports exchanged between Dr. Trangle, and Dr. Kloss. Notwithstanding defendant's arguments to the contrary, these drafts qualify as drafts under the rules. Period. Defendant has not met its burden under Rule 26(b)(3)(A) for the disclosure of any other materials.

**Cost Shifting**

Pursuant to Rule 37(a)(5)(A) &(B), plaintiff is, for the most part, the prevailing party on the two motions. That said, I do not intend to shift costs at this point. Plaintiff's victory on the subpoena motion at this juncture is based on form, not substance. It may be that defendant ultimately is entitled to disclosure of the records it sought to subpoena. As for the expert disclosure motion, one small piece remains open, but otherwise plaintiff prevailed. In doing so, however, plaintiff filed an unnecessarily long and unfocussed brief that would only qualify for partial cost-shifting at most. So, it may be that in the end, the parties' reimbursable expenses are a wash. We will wait until the medical records issue is finally decided to address whether any Rule 37(a) cost shifting is appropriate.

---

[1] But not defendant's unbidden reply, dkt. 167, *see* May 22, 2018 Preliminary Pretrial Conference Order, dkt. 16, at 4..

ORDER

It is ORDERED that:

(1) Plaintiff's motion to quash, dkt. 146 is GRANTED.

(2) Defendant's motion to compel, dkt. 157, is DENIED, except that

(3) Not later than March 18, 2021, plaintiff must submit ex parte the unredacted email for the court to review; and

(4) A decision on cost shifting is stayed.

Entered this 11th day of March, 2021.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge