IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARK MLSNA,

              Plaintiff,              ORDER

v.

                                   18-cv-37-wmc

UNION PACIFIC RAILROAD,

              Defendant.

In this case, plaintiff Mark Mlsna claims that defendant Union Pacific Railroad violated the Americans with Disabilities Act ("ADA") in declining to recertify him as a train conductor because of his hearing impairment. On September 14, 2020, the Seventh Circuit issued a decision reversing this court's grant of summary judgment in favor of defendant Union Pacific Railroad and remanded for further proceedings. *Mlsna v. Union Pacific Railroad*, 975 F.3d 629 (7th Cir. 2020). After receiving the mandate from the Seventh Circuit, this court reset the schedule through trial. (Dkt. #139.) In doing so, the court declined to set a new dispositive motion deadline given the Seventh Circuit's ruling regarding the existence of disputed issues of material fact remaining for trial as to the essential functions of Mlsna's position and reasonable accommodations.

Nevertheless, defendant has now filed an unsolicited second motion for summary judgment. (Dkt. #141.) In that motion, defendant once again presents evidence of Mlsna's sworn statement that he had a medical condition preventing him from working in a 2015 application for disability benefits from the Railroad Retirement Board, although this time recasting its original (and since abandoned) estoppel argument. Instead, defendant now argues that his sworn statement "negates" one of the essential elements of

his ADA claim -- that he is qualified to perform the essential functions of his job with or without a reasonable accommodation.

Whether or not to consider a second summary judgment motion is "essentially a decision concerning case management," reserved for the court's discretion. *Gordon v. Veneman*, 61 F. App'x 296, 298 (7th Cir. 2003). Such a motion may be appropriate if there exists an intervening change in controlling law, new evidence, an expanded factual record, or a need to correct a clear error or prevent manifest injustice. *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995). None of these circumstances appear to be present here, and having been presented with no other compelling reason to consider a second summary judgment motion -- especially after the first was litigated not just before this court, but also on appeal to the Seventh Circuit -- the court will deny defendant's motion.

Having said that, the court recognizes that questions remain for trial as to the introduction of Mlsna's disability application and other, as-yet-undisclosed medical records, as well as the relevance of either in the liability phase of trial. More specifically, on March 12, 2021, Judge Crocker granted plaintiff's motion to quash a subpoena to his medical provider seeking plaintiff's complete medical record. (Op. & Order 3/12/2021 (dkt. #169).) In that order, Judge Crocker explained:

> For years, this court's consistent position has been that it will not compel parties or witnesses in a lawsuit to disclose medical or psychological information that they wish to keep confidential. But such a decision has consequences. A party cannot put a medical issue into play and then prevent his opponent from reviewing records relevant to that issue. In such a situation, the party either has to forgo the claim or disclose the records.
>
> In the instant case, the parties hotly dispute whether any

2

>medical issue other than plaintiff's hearing loss is relevant after remand. This dispute is tangentially presented by defendant's December 17, 202[0] motion for summary judgment (dkt. 141), but there is no guarantee that Judge Conley will decide -- or even indicate -- whether plaintiffs' medical records require a forgo-or-disclose decision by plaintiff. If the court's summary judgment decision does not provide sufficient guidance, then defendant must promptly file a stand-alone motion in limine on this issue so that it can be resolved quickly.

(*Id.* at 2.)

Given the Seventh Circuit's ruling, plaintiff understandably argues that the only issues for remand concern the validity of the stated reason for his discharge: Mlsna's hearing deficit rendering him unable to perform an essential function of a train conductor and the lack of a reasonable accommodation. However, the court agrees with defendant that plaintiff goes too far in asserting that the Seventh Circuit "*expressly decided* that Mlsna *could* perform his essential functions." (Def. Br. (dkt. #148) 11.). Instead, that court remanded because triable issues of fact must be addressed to decide that question, just as there are factual disputes that must be resolved with respect to whether a reasonable accommodation was available. *Mlsna*, 975 F.3d at 637, 638. Similarly, while plaintiff makes a number of creative arguments as to why defendant is now precluded from raising other disabilities with respect to Mlsna's ability to perform essential functions unrelated to his hearing loss, plaintiff essentially concedes that the Seventh Circuit did not do so explicitly. Nor can such a ruling be reasonably read into that court's remand order, since it was never addressed by this court in the first instance, nor discussed by the Seventh Circuit on appeal.

A stronger argument by plaintiff is that any evidence of his sworn statement of disability or other medical evidence discovered following Union Pacific's determination that he was not qualified as a train conductor is not relevant to liability, but only as to his possible damages. First, as plaintiff points out, this certainly *seems* to be the holding of the Seventh Circuit in *Rooney v. Koch Air, LLC,* 410 F.3d 376 (7th Cir. 2005), which found "after-acquired evidence" of disqualification was not relevant to determine liability under the ADA. *Id*. at 382. Tellingly, defendant does not even address the *Rooney* decision in its reply brief. Defendant's silence is also understandable given current Seventh Circuit law, although there would appear to be a persuasive argument to the contrary. *See Anthony v. Trax Int'l Corp.*, 955 F.3d 1123, 1131 (9th Cir. 2020) (criticizing *Rooney* for failing to recognize the distinction between the relevance of after-acquired evidence to an age discrimination claim under the ADEA considered by the Supreme Court in *McKennan v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995), compared to a disability claim under the ADA). However, this court must follow current Seventh Circuit law.[1] Regardless, even

---

[1] The holding in *Rooney* would also seem to be in some tension with other Seventh Circuit cases permitting after-acquired evidence to be considered to determine whether an individual is "qualified" within the meaning of the ADA. For example, in *Johnson v. ExxonMobil Corp.*, 426 F.3d 887 (7th Cir. 2005), the plaintiff applied for disability benefits in March 2003, alleging an onset date of March 14, 2002 -- the day that he was terminated from his job. *Id.* at 890. The Seventh Circuit considered the plaintiff's sworn statement in this disability application that he was unable to work in assessing whether the plaintiff was a qualified individual with a disability under the ADA, even though the statement was made *after* his termination and, therefore, would not have been available to his employer when he was fired. *Id.* at 892. Indeed, in that case, the Seventh Circuit ultimately concluded that plaintiff's ADA claim failed in the absence of any explanation as to why his sworn statement in his disability application was consistent with his ADA claim. *Id. See also Butler v. Vill. of Round Lake Police Dep't*, 585 F.3d 1020, 1023 (7th Cir. 2009) (considering post-termination application for disability benefits in assessing whether the plaintiff was a qualified individual with a disability under the ADA); *Lee v. City of Salem, Ind*., 259 F.3d 667, 678 (7th Cir. 2001) (considering both pre-termination and post-termination applications for disability benefits in assessing whether the plaintiff was a qualified individual with a disability under the ADA).

under *Rooney*, Mlsna's medical records would appear relevant to his claims for damages and reinstatement. Thus, plaintiff is ordered to either produce the requested medical records or forgo those requested remedies.

Second, there may be practical reasons to delay consideration of this after-acquired evidence in a second phase of trial (as opposed to a strictly damage phase). Not only would it allow the jury to decide the factual issues expressly remanded for reconsideration by the Seventh Circuit without the likely confusion and potential prejudices of other, after-acquired evidence that is arguably deemed of no relevance by the Seventh Circuit in *Rooney*, but it could be considered by the jury in a more understandable fashion as part of deciding damages, where it is certainly relevant. Moreover, should the law change, by asking special verdict questions in the second phase of the trial as to (1) the relevance of after-acquired evidence to plaintiff's ability to perform the reasonably essential functions of a train conductor and (2) what damages to award, if any, the court and parties can avoid the necessity of a retrial.

Of course, this is not to decide the relevance of any after-acquired evidence, especially as to the plaintiff's sworn statement of disability, which may have other confusing and prejudicial qualities for a lay jury. That issue can await further briefing by the parties by way of a stand-alone motion in limine filed by plaintiff before the deadline for such motions in this case.

ORDER

IT IS ORDERED that:

1) Defendant's motion for summary judgment (dkt. #141) is DENIED.

2) Plaintiff is to produce Mlsna's requested medical records on or before April 19, 2021. If he fails to do so, he will be required to forgo all requested relief.

3) Plaintiff may file at any time a stand-alone, motion in limine as to the admissibility of his application for disability benefits after learning of his not being recertified as a train conductor or medical records unrelated to his hearing deficit, except not later than May 18, 2021, and defendant may have 14 days to respond.

Entered this 30th day of March, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge