IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK MLSNA,

                      Plaintiff,                  OPINION AND ORDER

v.

                                                                                   18-cv-37-wmc

UNION PACIFIC RAILROAD COMPANY,

                      Defendant.

---

In this case, plaintiff Mark Mlsna alleges that his former employer, Union Pacific Railroad Company, violated the Americans with Disability Act ("ADA"), 42 U.S.C. § 1210 *et seq.*, in declining to recertify him as a train conductor due to his disability. With trial set to begin in this case on Monday, June 28, 2021, the court issues the following order addressing two motions brought by defendant.

**I. Objection to Instructions Regarding Disparate Impact Claim**

Defendant first objects to plaintiff's attempts to raise a disparate impact claim in his pretrial filings with this court. (Dkt. #195, 196.) According to defendant, plaintiff failed to provide fair notice of this claim, and so it should not be permitted to raise that claim now with the trial approaching.

In *Raytheon Co. v. Hernandez*, 540 U.S. 44 (2003), the U.S. Supreme Court emphasized the "distinction between claims of discrimination based on disparate treatment and claims of discrimination based on disparate impact." *Id.* at 46. The Court further explained that "[b]ecause 'the factual issues, and therefore the character of the evidence presented, differ when the plaintiff claims that a facially neutral employment policy has a

discriminatory impact on protected classes,' courts must be careful to distinguish between these theories." *Id.* at 53 (quoting *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 252, n.5 (1981)).

Here, there is some ambiguity in plaintiff's operative complaint as to whether he was in fact pursuing a disparate impact claim. (*Compare* Am. Compl. (dkt. #145) ¶ 52 (alleging that "Union Pacific's testing policy is not a neutral, uniform protocol that disparately impacts hearing-impaired employees"); *with* ¶¶ 114-15 (alleging that Union Pacific's hearing exam adversely affected individuals with hearing disabilities).) Regardless of defendant's notice of plaintiff's claim, defendant's motion must be granted as jury trials do not appear to be available for ADA disparate impact claims. *See* 7th Cir. Civ. Jury Instructions § 3.08 (2017) ("The Committee did not include a disparate impact instruction because there are no jury trials under Title VII for disparate impact, 42 U.S.C. § 1981a(a)(1) & (c)."); *Gaffney v. Riverboat Servs. of Indiana, Inc.*, 451 F.3d 424, 460 n.35 (7th Cir. 2006) (explaining that the remedies for violations of Title VII and the ADA are both found in the 1964 Civil Rights Act, 42 U.S.C. § 1981a(a)(1) & (c)); 3d Cir. Civ. Jury Instructions § 9.1.6 (2018) ("Disparate impact claims are cognizable under the ADA. . . . No instruction is provided on disparate impact claims, however, because a right to jury trial is not provided under the ADA for such claims."). Accordingly, references to any disparate impact theory of liability will be struck from the jury instructions.

## II. Appeal of Magistrate Judge Crocker's Order on Defendant's Motion to Compel

On April 28, 2021, defendant filed a motion seeking to compel Mlsna to produce his W-2 and 1099 tax forms from 2013 to the present. (Dkt. #174.) Defendant represents

that: (1) in response to defendant's discovery request (over three years ago), plaintiff responded that he would produce his W-2s and 1099s; (2) on April 8, 2021, defendant's counsel realized that plaintiff had not produced the documents, and he conferred with plaintiff's counsel; and (3) after the parties were unable to resolve the dispute, defendant's counsel on April 28, 2021, moved to compel the documents. Plaintiff opposed defendant's motion on the grounds that: (1) the motion was untimely; (2) defendant has the relevant documents in its control as Mlsna has not worked for anyone else after Union Pacific effectively terminated him, so he has no other W-2s or 1099s to produce; and (3) defendant itself refused to produce certain information demonstrating Mlsna's wage loss, including Mlsna's W-2s and the W-2s for the three employees above and below him on the seniority roster.

On June 2, 2021, Magistrate Judge Crocker issued the following order denying the motion: "Discovery in this case closed on March 15, 2021. *See* dkt. 139. On April 28, 2021, defendant filed a motion to compel discovery. *See* dkt. 174. That's over six weeks too late. The motion is denied as untimely." (Dkt. #214.) Now, defendant seeks to appeal this order. (Dkt. #216.)

This matter is governed by Federal Rule of Civil Procedure 72(a), which provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). Defendant does not dispute that its motion was filed over six weeks

after the close of discovery. Instead, it contends that contends that Judge Crocker should have assessed whether it had good cause for filing the motion after the close of discovery.

Judge Crocker's order is not clearly erroneous or contrary to law and will be upheld. In particular, defendant does not explain why it took *three years* to discover that information was missing. Defendant's excuse that plaintiff said he would produce the evidence does not explain away its own lack of diligence. Moreover, it would appear from plaintiff's representations that defendant has all the relevant W-2 and 1099 records in its control. Finally, this is a two-way street: just as defendant may not now gain access to this information, plaintiff not only is precluded from offering it into evidence, but would be sanctioned should it ever appear that he earned any reported income outside of work for Union Pacific after 2015, having represented to the court that he has no non-Union Pacific W-2s or 1099s to produce.

## ORDER

IT IS ORDERED that:

1) Defendant's motion to strike plaintiff's proposed jury instructions (dkt. #195) is GRANTED.

2) Defendant's appeal of Magistrate Judge Crocker's order (dkt. #216) is DENIED.

Entered this 15th day of June, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge