IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK MLSNA,

                Plaintiff,                ORDER

v.

                                      18-cv-37-wmc

UNION PACIFIC RAILROAD COMPANY,

                Defendant.

---

Yesterday, June 17, 2021, the court held a final pretrial conference with the parties in the above-captioned case. During the hearing, the court issued a number of rulings and set various deadlines, which are now summarized in this order.

The court issued the following rulings on the reserved motions in limine:

- Plaintiff has WITHDRAWN his second and third motions in limine, and will propose language for an instruction to the jury for the damage phase of trial and provide authority for his assertion that he will have to pay back the retirement benefits that he received if he is awarded wage-loss.

- The court DENIED IN PART and GRANTED IN PART plaintiff's fourth motion in limine. Defendant may present limited evidence as to general liability concerns under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, subject to it providing a proposed jury instruction to contextualize the relevance of this law.

- As to defendant's second motion in limine, the court will now RESERVE on this motion to await a proffer from both parties as to evidence regarding the availability of the E.A.R. Primo/Personal Medical technology in 2015. Once the parties submit this evidence, the court will issue a ruling.

- The court GRANTED defendant's tenth motion in limine seeking to exclude the "FRA's Operating Crew Review Board Decision" for reasons discussed at the hearing.

Further, plaintiff is ordered to produce the first page of Mlsna's tax records, from 2010 until the present date, disclosing any income with respect to his farming operation.

By Tuesday, June 22, 2021, the parties are to submit briefing regarding the description of the adverse action at issue -- and in particular, addressing their dispute over whether Union Pacific's declined to "recertify" plaintiff as a train conductor.

As to defendant's objections to plaintiff's proposed witnesses, the court will SUSTAIN defendant's objections as to Paige Cole, Adam Marshall, and Joseph Riley, but it will OVERRULE the objection against Patti Mlsna provided that plaintiff makes her available for deposition by defendant before trial. The court will also RESERVE on the objection to Gary Hagert, pending: (1) confirmation that he did in fact work as a train conductor and (2) plaintiff making him available for deposition by defendant before trial.

The court will hold a second pretrial conference with the parties on Wednesday, June 23, 2021, at 10am via zoom at which the court plans to address objections to exhibits, deposition designations, and any other remaining issues.

In light of the date of this second pretrial conference, the court must adjust its standard deadlines for providing exhibits and deposition designations to the court. By Monday, June 21, 2021, the parties are to provide to the court their revised exhibit list and deposition designations. By Tuesday, June 22, 2021, the parties are to provide to the court any remaining objections they have to both, any counter-designations they wish to make, and copies of the contested exhibits. Please see page 15 and 16 of the court's Preliminary Pretrial Packet for additional details regarding these submissions. (Available at dkt. #16.)

Entered this 18th day of June, 2021.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge