IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARK MLSNA,

                Plaintiff,              OPINION AND ORDER

v.

                                          18-cv-37-wmc

UNION PACIFIC RAILROAD COMPANY,

                Defendant.

On June 15, 2021, this court granted defendant's motion to strike any references to disparate impacts from the jury instructions because such a claim is for the judge to decide. (Dkt. #225.) However, the court did not dismiss the claim altogether. Instead, at the June 17, 2021, final pretrial conference, the court indicated that plaintiff could try this claim to the court following the jury trial. Now, defendant seeks to preclude plaintiff from doing so on grounds of waiver. (Dkt. #232.) For the reasons discussed below, the court will deny defendant's motion and permit plaintiff to proceed with his disparate impact claim following the jury trial, should he so choose.

In *Raytheon Co. v. Hernandez*, 540 U.S. 44 (2003), the United States Supreme Court described the difference between disparate treatment and disparate impact claims. *Id.* at 52-53. In particular, the Court explained that:

> "'[d]isparate treatment' . . . is the most easily understood type of discrimination. The employer simply treats some people less favorably than others because of their race, color, religion, sex, or [other protected characteristic]." *Teamsters v. United States*, 431 U.S. 324, 335, n.15 (1977). *See also Hazen Paper Co. v. Biggins*, 507 U.S. 604, 609 (1993) (discussing disparate-treatment claims in the context of the Age Discrimination in Employment Act of 1967). Liability in a disparate-treatment case "depends on whether the protected trait . . . actually motivated the employer's decision." *Id.* at 610. By contrast, disparate-impact claims "involve employment practices that are facially neutral in their

> treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Teamsters*, 421 U.S. at 335-36, n.15. Under a disparate-impact theory of discrimination, "a facially neutral employment practice may be deemed [illegally discriminatory] without evidence of the employer's subjective intent to discriminate that is required in a 'disparate-treatment' case." *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 645-46 (1989).

*Id.* at 52-53 (alterations in original). Although disparate impact claims often reference a "facially neutral" policy or practice, the Seventh Circuti has made clear that "[d]isparate-impact claims may be based on any employment policy, not just a facially neutral policy." *Adams v. City of Indianapolis*, 742 F.3d 720, 731 (7th Cir. 2014).

Because "the factual issues, and therefore the character of the evidence presented" differs between these two theories, the Court went on to caution that a plaintiff must clearly and timely provide notice as to whether he intends to bring a disparate treatment claim, disparate impact claim, or both. *Id.* at 53. This holding reflects the general principle that a complaint filed in federal court must describe each claim "in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Still, "[p]laintiffs need only plead *facts*, not legal theories, in their complaints." *Reeves ex rel. Reeves v. Jewel Food Stores, Inc.*, 759 F.3d 698, 701 (7th Cir. 2014) (emphasis added). In *Reeves*, the Seventh Circuit held that the district court had erred in dismissing a plaintiff's ADA reasonable accommodation claim where the plaintiff had "pled a number of facts relevant to his failure-to-accommodate claim," even though he failed to specifically identify it as a separate cause of action and only generally alleged "discrimination" under the ADA. *Id.*

Here, both plaintiff's second amended complaint (the operative complaint) and his first

2

amended complaint provide adequate notice of his disparate treatment claim. Indeed, both complaints alleged that: (1) Union Pacific adopted a companywide policy in 2015 regarding hearing acuity and hearing protection; and (2) the policy had a disproportionate, adverse effect on hearing-impaired employees, including but not limited to Mlsna. Plaintiff certainly could have been clearer in outlining his legal theories, especially in his first amended complaint, but under *Reeves*, a plaintiff is not required to do so, provided his allegations of fact gave Union Pacific adequate notice of his claim, which they certainly do.

In addition to arguing that plaintiff did not provide adequate notice of the claim, defendant also argues that plaintiff's complaint failed to allege "any relevant and statistically significant disparity between disabled and non-disabled employees," which defendant claims is a requirement for a disparate impact claim. But plaintiff alleges that Union Pacific's company-wide policy applied to all employees with hearing aids, and the policy had the effect of prohibiting these employees from holding positions that require hearing protection. These allegations demonstrate both a relevant and statistically significant adverse impact on hearing-impaired employees. Of course, should plaintiff fail to provide sufficient evidence to support the claim, defendant is not precluded from renewing this argument in closing.

Entered this 1st day of July, 2021.

BY THE COURT:
/s/

_____

WILLIAM M. CONLEY
District Judge